**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------x

ELIZABETH J. MELOSKIE, an individual; on behalf of herself and all others similarly situated,

                  Plaintiffs,

vs.

NORTHSTAR LOCATION SERVICES, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                  Defendants.

------------------------------------------------------x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I.  PRELIMINARY STATEMENT

1.    Plaintiff, ELIZABETH J. MELOSKIE ("MELOSKIE"), on behalf of herself and the class of all others similarly situated, brings this action for the illegal practices of the Defendant NORTHSTAR LOCATION SERVICES, LLC ("NORTHSTAR") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.    The Plaintiff alleges that NORTHSTAR's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.    Such collection practices include, *inter alia*:

(a)    Leaving telephonic voice messages for consumers, which make false, deceptive, and misleading statements; and

(b)    Leaving telephonic voice messages for consumers, which make false representation and/or employ a deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer.

4.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.  The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.  To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section is: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(11).

7.  The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory

regimes.

## II. PARTIES

8. MELOSKIE is a natural person.

9. At all times relevant to this lawsuit, MELOSKIE was a citizen of, and resided in, the Borough of Sussex, Sussex County, New Jersey.

10. At all times relevant to this lawsuit, NORTHSTAR is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York.

11. NORTHSTAR maintains its principal business address at 4285 Genesee Street, Town of Cheektowaga, Erie County, New York.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of NORTHSTAR that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NORTHSTAR and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

16.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of MELOSKIE occurred within this federal judicial district, and because NORTHSTAR is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

17.     Sometime prior to January 7, 2010, MELOSKIE allegedly incurred a financial obligation to Bank of America, N.A. ("Meloskie Obligation").

18.     The Meloskie Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19.     Defendants contend that the Meloskie Obligation is in default.

20.     The alleged Meloskie Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21.     MELOSKIE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22.     MELOSKIE is informed and believes, and on that basis alleges, that sometime prior to January 7, 2010, the creditor of the Meloskie Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to NORTHSTAR for collection.

23. NORTHSTAR collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. NORTHSTAR is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Within the one year immediately preceding the filing of this complaint NORTHSTAR contacted MELOSKIE on multiple occasions via telephone in an attempt to collect the Meloskie Obligation.

26. Within the one year immediately preceding the filing of this complaint NORTHSTAR left multiple "live" and "pre-recorded" telephonic voice messages for Plaintiff on her cellular telephone voicemail system ("Messages").

27. By way of limited example, the following is a transcription of one such "pre-recorded" Message that NORTHSTAR left for MELOSKIE on her cellular telephone voicemail system on scores of occasions during the one-year immediately preceding the filing of this complaint:

> "As this message contains personal and private information intended solely for you. By listening to this message, you acknowledge that you are -- *Eli J. Meloskie*. Contact Maggie Long at Northstar Location Services toll-free at -- *1-888-795-2431* -- to discuss an important business matter. We are a debt collector; this is an attempt to collect a debt and any information obtained will be used for that purpose. This is not a solicitation. Your response *is* required. Or, reach us on the web at www dot go-to-nls dot com. When returning our call, please use the following Reference Number -- *1034035*." (Emphasis in original).

28. By way of limited example, the following is a transcription of one such "live" Message that NORTHSTAR left for MELOSKIE on her cellular telephone voicemail system during the one-year immediately preceding the filing of this complaint:

> "This call is intended for Eliz J. Meloskie. If you are, Eliz J. Meloskie, please listen to this message. Contact Alvin Dan at Northstar Location Services toll-free at 1-888-820-0963" to discuss an important business matter. I am a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose. This is not a solicitation. Your response *is* required. Again, contact Alvin Dan at Northstar Location Services at 1-888-820-0963. Thank you." (Emphasis in original).

29. The telephone number "1-888-820-0963" is answered by is answered by persons who are employed by NORTHSTAR as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

30. The telephone number "1-888-795-2431" is answered by is answered by persons who are employed by NORTHSTAR as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

31. Each of the Messages was left by persons employed as debt collectors by NORTHSTAR in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

32. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Each of the Messages uniformly stated that a "response *is* required" by Meloskie to the Messages.

34. At the time Meloskie heard the Messages, she believed that she was legally required to call or otherwise provide a written or oral "response" to NORTHSTAR.

35. At the time Meloskie heard the Messages, she believed that she would be subjected to some unknown consequence if she did not heed the warning contained in the Messages and failed to provide a "response" as required.

36. The statement in the Messages that a "response *is* required" is materially false, deceptive, and misleading insofar as, *inter alia*, there is no legal or other requirement that requires any response to the Messages.

37. The statement in the Messages that a "response *is* required" falsely implies that a consequence of some kind will occur to the detriment of the consumer if they fail to provide a "required response."

38. Each of the Messages uniformly stated that the call concerned an "important business matter" by Meloskie to the Messages.

39. The statement in the Messages that the call concerned an "important business matter" is materially false, deceptive, and misleading insofar as the call did not concern any "business" matter and Meloskie is not self-employed.

40. NORTHSTAR intended that the Messages have the effect of confusing Plaintiff and least sophisticated consumers about their rights under the FDCPA and, thereby causing them to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information.

41. NORTHSTAR's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

42. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By falsely warning consumers that a "response" is "required" to the Messages when in fact there is no such legal or other requirement for a response, NORTHSTAR has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V.  POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

(a) Making false, deceptive, and misleading statements; and

(b) Making false representations and/or employing a deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

45. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New Jersey (b) for whom Defendant left a telephonic voice message, in the form of the Messages, (c) that did not identify Defendant by name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt on behalf of Bank of America (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

47. The identities of all class members are readily ascertainable from the records of NORTHSTAR and those companies and governmental entities on whose behalf it attempt to collects debts.

48. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

49. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692e and 1692e(10).

50. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues

are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692e and 1692e(10).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for NORTHSTAR, which, on information and belief, collects debts throughout the United States of America.

54. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§ 1692e and 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

57. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

58. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a) Using a false, deceptive, and/or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

(b) Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## VIII. PRAYER FOR RELIEF

59.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

   (i)   An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing MELOSKIE and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

   (ii)  An award of the maximum statutory damages for MELOSKIE and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

   (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

   (iv)  For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     Fresh Meadows, New York
           January 3, 2011

                         *[signature]*
           _____
           WILLIAM F. HORN, ESQ. (WH-1070)
           Law Office of William F. Horn
           188-01B 71st Crescent
           Fresh Meadows, NY 11365
           Telephone: (718) 785-0543
           Facsimile: (866) 596-9003

           *Attorneys for Plaintiff, Elizabeth J. Meloskie,
           and all others similarly situated*